# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.S.**

**No. 19-0198** (Logan County 18-JA-44)

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother E.S., by counsel Susan Hill, appeals the Circuit Court of Logan County's January 16, 2019, order terminating her parental rights to her two-year-old son, A.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. Respondent C.S.-2, co-petitioner below, by counsel Donna Pratt, filed a response. The guardian ad litem, Rebecca Ellen Mick, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2018, the DHHR filed a child abuse and neglect petition alleging that petitioner used controlled substances with her step-daughter, C.S.-1.[3] According to the DHHR, seventeen-year-old C.S. disclosed that, while she was staying with petitioner and the father, she was impregnated by her twenty-one-year-old boyfriend. C.S.-1 indicated that petitioner and the father allowed her boyfriend to visit her at their home. C.S.-1 further disclosed that she smoked marijuana

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as a child and respondent share the same initials, we refer to them as C.S.-1 and C.S.-2, respectively, throughout this memorandum decision.

[2]Petitioner does not allege error regarding the termination of her parental rights.

[3]C.S.-1 is not a subject of these abuse and neglect proceedings.

1

with petitioner and her father until she confirmed that she was pregnant. Finally, C.S.-1 disclosed that she observed petitioner and the father under the influence of controlled substances while living at their home. The DHHR alleged that an in-home safety plan was attempted, but that petitioner and the father refused to participate in the plan. Petitioner waived her preliminary hearing. The circuit court ordered the parties to participate in random drug screening and supervised visitation pending negative drug screen results. The DHHR amended its petition in June of 2018 to allege petitioner failed to submit to drug screens as ordered by the circuit court.

In August of 2018, the circuit court held an adjudicatory hearing. The DHHR presented testimony consistent with the petition as amended. Additionally, the DHHR presented testimony that petitioner participated in one drug screen in July of 2018, which was positive for methamphetamine and Suboxone. Further, the evidence indicated petitioner was noncompliant with other services and failed to exercise supervised visitations. Petitioner presented no evidence. The circuit court found that A.S. was an abused child and adjudicated petitioner as an abusing parent. Petitioner orally moved for a post-adjudicatory improvement period, which the circuit court denied due to a lack of evidence that she would fully participate in an improvement period. Thereafter, the DHHR filed a motion to terminate petitioner's parental rights.

The circuit court held a dispositional hearing in December of 2018. The DHHR presented evidence that petitioner was inconsistently participating in drug screening, but when she did participate, she consistently tested positive for controlled substances with only one negative result in December of 2018. The DHHR also presented evidence that petitioner failed to seek any substance abuse treatment until one week prior to the dispositional hearing. Petitioner did not testify. Ultimately, the court found that petitioner failed to acknowledge the conditions of abuse and neglect. The circuit court further found that petitioner failed to remain in contact with the DHHR and comply with services throughout the proceedings. Accordingly, the court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was in the best interests of the child. The circuit court terminated petitioner's parental rights and memorialized its findings in its January 16, 2019, order. Petitioner now appeals that order.[4]

The Court has previously held that:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided

---

[4]The father's parental rights were also terminated during the proceedings below. According to the parties, the permanency plan for the child is adoption in his current foster placement.

the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Petitioner asserts that she demonstrated by clear and convincing evidence that she was likely to fully participate in an improvement period because she participated in random drug screening, supervised visitations, and sought substance abuse treatment. Based on our review of the record, we find no merit to petitioner's argument.

Petitioner fails to acknowledge that West Virginia Code § 49-4-610(2) provides that "a court may grant a [parent] an improvement period" when the parent "files a written motion requesting the improvement period." Here, petitioner failed to file a motion requesting an improvement period at any time during the proceedings.[5]

Furthermore, West Virginia Code § 49-4-610(2)(B) provides that a circuit court may grant a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); syl. pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). In this case, petitioner did not fully participate in the services that were provided by the DHHR. Petitioner inconsistently complied with drug screens and did not seek treatment for her substance abuse problem until a week before the final dispositional hearing. In fact, the record provides that the dispositional hearing was continued from November of 2018 to provide petitioner additional time to enter into substance abuse treatment and she failed to do so. Petitioner exerted little effort to comply with the majority of the DHHR's rehabilitative efforts. West Virginia Code §49-4-610 mandates that it was petitioner's burden to prove that she would participate in an improvement period. Yet, here, petitioner presented no evidence to contradict testimony of her noncompliance with services. Accordingly, we find no error in the circuit court's denial of petitioner's oral motion for an improvement period due to her noncompliance.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 16, 2019, order is hereby affirmed.

Affirmed.

---

[5]Petitioner argues that the circuit court "did not respond to [her counsel's] request to file a written answer and motion" during the dispositional hearing. Yet, petitioner cites no authority requiring the circuit court to respond to such a request or permit her to file a written motion following the circuit court's ruling.

**ISSUED**:  September 13, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4